86 F.3d 1175
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Stuart A. MOPSICK, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3090.
 United States Court of Appeals, Federal Circuit.
 May 7, 1996
 
 Before RICH, MAYER and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Stuart A. Mopsick appeals an initial decision of the Merit Systems Protection Board, No. DC0831950482-I-1 (August 18, 1995), affirming the decision of the Office of Personnel Management on reconsideration. The Office of Personnel Management affirmed its earlier decision that the service computation date for purposes of determining Mopsick's benefits under the Civil Service Retirement System was June 2, 1962, not October 23, 1961. The board's initial decision became final on December 11, 1995, when the full board denied his petition for review. We affirm.
 
 
 2
 We review the board's decisions under a narrow standard. We must affirm a decision of the board unless it is demonstrated to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). Conclusions of law by the board are reviewed de novo. Marano v. Department of Justice, 2 F.3d 1137, 1141 (Fed.Cir.1993).
 
 
 3
 Mopsick was given credit for his military service from February 7, 1962, to February 6, 1964; his civilian service from July 6, 1964, to July 15, 1994; 36 days of temporary service in 1957 and 1958; and 5 months and 29 days of unused sick leave. The issue, then, is whether Mopsick is entitled to credit (1) for any of the time prior to his military service, beginning in 1961 when he was on a list of eligibles and was tentatively selected for a position with the Internal Revenue Service, or (2) for the period from February 6, 1964, until July 6, 1964, when he was neither in military service nor civilian federal service.
 
 
 4
 Mopsick argues that the service computation date for purposes of determining benefits under the CSRS should be October 23, 1961, not June 2, 1962. In making this argument, Mopsick repeats the legal arguments he made before the board--primarily, that the administrative law judge misinterpreted Pub.L. No. 83-121, 67 Stat. 173 (1953). Under Pub.L. No. 83-121, the appointment date for an individual who lost an opportunity to accept a civilian appointment due to required military service is the date upon which a lower ranking eligible was appointed to the position "for the purpose of determining (1) his rate of basic compensation," and "(2) his seniority rights." Pub.L. No. 83-121, § 1(c), 67 Stat. 173 (1953). Mopsick contends that the term "seniority rights" encompasses the computation of service credit for purposes of CSRS retirement benefits.
 
 
 5
 We disagree. CSRS retirement credit cannot reasonably be interpreted to be encompassed by the term "seniority rights" as used in Pub.L. No. 83-121, because such an interpretation would be contrary to the comprehensive CSRS statutory scheme, which requires him to be an "employee" to earn CSRS retirement credit. See 5 U.S.C. § 8332(b) (1994) ("The service of an employee shall be credited from the date of original employment to the date of separation on which title to annuity is based in the civilian service of the Government." (emphasis added)). To be an "employee," Mopsick had to be "(1) appointed in the civil service ...; (2) engaged in the performance of a Federal function ...; and (3) subject to the supervision of an individual named by paragraph (1) ... while engaged in the performance of the duties of his position." 5 U.S.C. § 2105(a) (1994). Mopsick does not satisfy these requirements, which are strictly construed. See Watts v. Office of Personnel Management, 814 F.2d 1576, 1579 (Fed.Cir.1987). As of October 23, 1961, Mopsick had only been tentatively selected for a position; upon being selected for military service, he did not accept the position with the Internal Revenue Service.
 
 
 6
 Mopsick relies on Supreme Court cases involving another provision related to veterans' benefits, 38 U.S.C. § 2021(b)(1)(A) (1988) (current version at 38 U.S.C. § 4301(b)(1)(A) (1994)). See, e.g., Alabama Power Co. v. Davis, 431 U.S. 581 (1977). However, section 2021 applied only to a person who was already employed and then left to perform mandatory military service. See 38 U.S.C. § 2021(a) (1988) (setting out provisions applicable "[i]n the case of any person who is inducted into the Armed Forces of the United States under the Military Selective Service Act ... and who leaves a position (other than a temporary position) in the employ of any employer in order to perform such training and service" (emphasis added)). Mopsick was not such an "employee" prior to entering the military. Thus, those cases are not directly applicable to his situation.
 
 
 7
 The board held that Pub.L. No. 83-121 granted specific benefits to an individual who was not a federal employee but who lost an opportunity to become such an employee by virtue of induction into military service. Mopsick has received those benefits; i.e., the benefit of the earlier date for purposes of grade and salary computation. Because Mopsick had not been appointed to a position as of that date, however, he was not an "employee" at that time under 5 U.S.C. § 2105(a). As such, the board held that Mopsick was not able to prove entitlement to additional benefits under the CSRS. See 5 U.S.C. § 8332. Although it is unfortunate that Mopsick relied on the information he received from the Internal Revenue Service prior to entering the military, we see no error in the board's decision.